THOMAS CUSICK, BY GUARDIAN, APPELLANT, *v.* WILLIAM L. ADAMS, RESPONDENT.

*Costs — on the reversal of an order of a County Court granting a new trial, on a motion made upon its minutes — are fixed by subdivision 4 of section 3251 of the Code of Civil Procedure.*

An order having been made by a County Court granting a motion, made upon its minutes, to set aside a verdict rendered therein in favor of the plaintiff, an appeal was taken by the plaintiff to the Supreme Court where the order was reversed and the motion for a new trial was denied, "with costs."

*Held,* that the plaintiff was entitled to have his costs taxed, as provided in subdivision 4 of section 3251 of the Code of Civil Procedure, viz.: "Before argument, twenty dollars; for argument, forty dollars."

That by enacting the first clause of subdivision 4 of section 3251, giving "to either party, upon an appeal to the Supreme Court from an inferior court," the amounts above stated as costs, it was intended to give to the prevailing party, upon an appeal to the Supreme Court from an inferior court, the same costs when the appeal is taken from an order as when it is taken from a judgment, that is to say, the same costs in all cases in which such an appeal is taken. (FISH, J.)

That the appeal here was from an order granting a new trial made in the County Court, that is to say, "in the same court" from which the appeal is specified in the first clause of the said subdivision of the said section, namely, "from an inferior court." (LANDON, J.)

APPEAL from an order, made at the Rensselaer Special Term, and entered in Albany county, denying the plaintiff's motion for a retaxation of costs.

*P. D. Niver,* for the appellant.

*Doyle & Fitts,* for the respondent.

FISH, J. :

A trial was had in the County Court and a verdict rendered for plaintiff. A motion was then made in the County Court at the trial, upon the minutes of the court, to set aside the verdict and for a new trial, which was granted by the county judge. The plaintiff then appealed from said order setting aside the verdict, to the Supreme Court, where the order was reversed, and a motion for new trial denied, with costs. The order reversing did not name any sum for costs or give any directions as to the amount or items of costs to be allowed. The plaintiff proceeded *ex parte* to tax his costs of the appeal to the Supreme Court at $101.25, including the items of costs allowed by subdivision 4 of section 3251 of the Code of Civil Procedure. Upon a retaxation the clerk disallowed items before argument, twenty dollars; for argument, forty dollars; amendments to case, ten dollars; and readjusted the bill at thirty-one dollars and twenty-five cents, being the sum of the plaintiff's disbursements only. The bill as originally adjusted, did not contain any item of ten dollars for motion costs, so that as the bill was readjusted it contained disbursements only.

The plaintiff then appealed from the taxation by the clerk and moved at Special Term for retaxation, claiming that he was entitled to the items of costs which the clerk had disallowed. The Special Term denied the motion, but directed that plaintiff be allowed ten dollars as costs of motion on appeal. The plaintiff, still dissatisfied, has appealed from the order of the Special Term, and claims that by the terms of subdivision 4 of section 3251, he is entitled to tax and be allowed the rejected items. The appeal to the Supreme Court from the order setting aside the verdict in the County Court, was taken under section 1342 of the Code. The legislature carefully provided for appeals from the County Court in two classes of cases ; section 1340 gave an appeal from a *judgment* of the County Court, and section 1342 an appeal from an *order affecting* a substantial right. The appeal, therefore, was from an *order* of the County Court. Such costs as the plaintiff was entitled to recover, if any, are provided by subdivision 4 of section 3251 of the Code of Civil Procedure. The first clause of the subdivision covers precisely this case and seems to be an independent provision not controlled by the subsequent language. " To either party upon an appeal to the

Supreme Court from an inferior court: Before argument, twenty dollars; for argument, forty dollars."

Subdivision 4 then goes on to state a number of other cases in which the same costs are to be allowed, but does not qualify the first sentence or clause. Supposing, however, the whole subdivision is to be read together, and the first clause may be qualified by the subsequent language, then it is difficult to see why this case is not covered by it. It provides these costs on appeal from "an order granting or refusing a new trial."

It is claimed that the whole of the subdivision after the first clause relates to cases in other courts than the County Court. Allow that to be so, then the first clause stands alone, freed entirely from whatever of ambiguity there may be in the language which follows. The appeal of plaintiff was from an order of the County Court granting a new trial in that court. If the appeal had been to the General Term from an order of the Supreme Court or circuit granting a new trial, no question could be raised that on such an appeal the sixty dollars costs would be recoverable. No good reason can be assigned why the same costs should not be recovered on appeal from a like order in the County Court. If the language of the first clause is read literally, it plainly covers the allowance; if the whole subdivision is read, it is plainly the spirit of the provision that in all cases of the classes and description stated, the prevailing party takes the same costs.

In actions of this description, brought in the County Court, the same costs are recoverable as in the Supreme Court. (See subd. 13, § 3347 of Code of Civil Procedure.) It is, therefore, very probable that the legislature intended to allow the same costs to the successful party on an appeal from an order of the County Court granting a new trial, as in a like appeal from a like order of Special Term or Circuit in the Supreme Court. It is only by a very sharp reading of the subdivision that the defendant rests his conclusion that it was not intended to cover this case; and a somewhat arbitrary inference that the first clause does not mean what it says.

The authority of *McLaughlin* v. *Smith* (3 Hun, 250) is not in point here, because the language of the section under which that decision was rendered is entirely different from that now under con-

sideration. There is no adjudicated authority which helps give construction to subdivision 4 of section 3251, so that it must be construed, as well as we are able, without such aids.

The intent of subdivision 4 of section 3251, as clearly expressed, was to give to the prevailing party, upon an appeal to the Supreme Court from an inferior court, the same costs when the appeal is from an order as where it is from a judgment; that is to say, in all cases when such an appeal is taken. The first clause is not limited or extended by either of the clauses which follow; and each clause is separated from the other by a disjunctive conjunction. Each of the clauses are independent of the others, and each represents a distinct condition, according to which costs are to be allowed. The second clause refers only to cases where the appeal is to a General Term from a judgment or order in the *same* court or in a Circuit Court. It cannot limit the first clause without nullifying it.

It is urged as improbable that the legislature should have intended to give sixty dollars on an appeal from an order of an inferior court in all cases, while only ten dollars is allowed in many cases when the appeal is from an order in the Supreme Court. If the language used was ambiguous or doubtful, the suggestion would have some force. The reason for the distinction may not be apparent, any more than why many other distinctions are made in practice; any more than why appeals from orders of inferior courts are more restricted; or why different limitations of time for appealing should be prescribed; or why security should be required in perfecting an appeal in one case and not in another, so that it may not be held that the legislature did not intend what its language fairly imported, because the reason why is not clear.

It follows from these conclusions that the order of the Special Term must be reversed, and readjustment of costs directed. Form of the order to be settled by Justice FISH, with costs of this appeal, ten dollars and disbursements.

LANDON, J.:

For the purposes of the question now presented, subdivision 4 of section 3251, Code of Civil Procedure, reads as follows: "To either party upon an appeal to the Supreme Court from an inferior court * * * taken from an interlocutory or final judgment, or from

an order granting or refusing a new trial, rendered or made in the same court, or in a Circuit Court." The appeal here was from an order, granting a new trial, made in the county court, that is to say, "in the same court" from which the appeal is specified above, namely, "an inferior court."

Unless this construction is made, then the first clause of the subdivision "upon an appeal to the Supreme Court from an inferior court" means either nothing or so much as to give full costs upon an appeal from an ordinary order, neither of which constructions should be entertained. I therefore concur in the result reached by Justice FISH.

PARKER, J., also concurred in result.

Order reversed with ten dollars costs and printing disbursements, and readjustment ordered. Order to be settled by FISH, J.